S94A0750. TOKARS v. SUPERIOR COURT OF COBB COUNTY et al.
(442 SE2d 454)

HUNSTEIN, Justice.

This appeal is before us to determine whether the case assignment system in place in Cobb County, which resulted in appellant's assignment to a trial judge different than the trial judge assigned to his co-defendants, is in violation of Rule 3.2 of the Uniform Superior Court Rules.[1]

---

[1] Rule 3.2 provides:
When practical, all actions involving substantially the same parties, or substantially

The salient facts are not in dispute. On February 24, 1993 the Cobb County grand jury indicted Curtis Rower and Eddie Lawrence for, inter alia, the murder of appellant's wife, Sara Tokars. As a result of the state filing a notice of intent to seek the death penalty against Rower and Lawrence, the case was randomly reassigned, via Cobb County's death penalty computer assignment system, from the originally assigned judge to Judge George Kreeger. Six months later, on August 26, 1993, appellant was indicted for his wife's murder. His case was first assigned to Judge Kreeger as a related murder case not involving the death penalty; however, as a result of the state filing a notice of intent to seek the death penalty against appellant, later that same day, it was randomly reassigned to Judge Watson White.

Appellant contends that all three defendants should have been assigned to Judge Kreeger and that in failing to do so the appellees have violated the mandate of Rule 3.2 requiring co-defendants to be assigned to the same trial judge. We disagree. The purpose of the case assignment system in multi-judge circuits as stated in Rule 3.1 of the Uniform Superior Court Rules is to insure that "each judge is allocated an equal number of cases . . . [and] to prevent any person's choosing the judge to whom an action is to be assigned." We do not agree that Rule 3.2 is mandatory inasmuch as that rule provides that companion cases should be assigned to the same trial judge only "when practical." Here, the random death penalty assignment system in existence in Cobb County promotes the equal allocation of death penalty cases among the judicial resources of the county in conformance with Rule 3.1. Accordingly, because the assignment system at issue promotes a practical purpose and because appellant has not shown any actual impropriety on the part of appellees in utilizing this assignment procedure, we hold it was not error under the circumstances for appellant's death penalty case to be assigned to a judge different than that of Rower or Lawrence.

*Judgment affirmed. Hunt, C. J., Benham, P. J., Fletcher, Hunstein, Carley, Thompson, JJ., and Judge E. Purnell Davis II, concur. Sears-Collins, J., disqualified.*

DECIDED MAY 9, 1994.

*McKenney & Froelich, Jerome J. Froelich, Alex G. Smith,* for appellant.

the same subject matter, or substantially the same factual issues, whether pending simultaneously or not, shall be assigned to the same judge. Whenever . . . co-defendants are indicted separately, such actions shall be assigned to the judge to whom the original action was or is assigned.

*Thomas J. Charron, District Attorney, Michael J. Bowers, Attorney General, Charles M. Richards, Harrison W. Kohler, Senior Assistant Attorneys General, Jerry L. Gentry, for appellees.*